## John M. Patterson *v.* Charles Hausbeck, Appellant.

*Oil and gas lease—Independent covenants—Lessees' right to remove property on abandonment.*

A lessee who has acquired leasehold rights in oil and gas lands for the purpose of drilling and operating for oil, has the right to remove his property from the leased premises under an express covenant to that effect irrespective of any controversy as to whether there is a legal right to abandon the lease by reason of an alleged failure on the part of the lessee to complete the work of development and operating.

This provision is an independent covenant and may be enforced without reference to the other parts of the agreement. For any default under the contract the lessee must be pursued through appropriate legal action; his property cannot be taken or arbitrarily held.

*Evidence—Admission in affidavit of correctness of copy filed—Rules of court.*

Under the rules of court of Allegheny county an admission of the execution of the lease, "a copy of which is attached to plaintiff's statement," is conclusive as to the correctness of the copy filed, and the admission in evidence of this specific copy is entirely proper.

Argued Apr. 11, 1898. Appeal, No. 16, Apr. T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1895, No. 533, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before GREER, P. J., of the fiftieth judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $984.77. Defendant appealed.

*Errors assigned* among others were (3) in refusing defendant's second point, which is as follows: "2. If the plaintiff

abandoned the search for oil and gas on the completion of the first well, he forfeited his rights under the agreement, and he had no right to enter on defendant's land and draw the casing from the well and plug it, when the well was producing gas and was then in the possession and use of the defendant. *Answer:* The proof on the part of the defendant is, that the plaintiff locked the well and kept it locked for a month or so after being shot, this with the fact that the plaintiff left the rig on the lease is inconsistent with an abandonment. Refused." (4) In refusing the defendant's third point which was as follows: "3. Under the agreement the defendant was entitled to gas for domestic use on the premises, and if the well produced gas, and the defendant with the knowledge and consent of the plaintiff made an attachment to the well for gas for domestic use at the cost of $125, the plaintiff had no right to draw the casing and plug the well." (5) In refusing the defendant's fourth point, which was as follows: "4. Under the pleadings and evidence the verdict should be for the defendant." (8) In charging the jury as follows: " He (the defendant) would not have the right to interfere with the plaintiff taking away this machinery, even if he had some right to the gas." And as follows: "But on deliberation and examination of this agreement, we feel that it is our duty to say that the plaintiff had a right to take away this property and material under the contract, and it is for you to say whether he was prevented from doing so."

*Levi Bird Duff,* for appellant.—The court erred in admitting in evidence the copy of the written agreement sued on, in the absence of evidence of the loss of the original. Rule 5 of the court of common pleas, No. 2, Anderson's Rules, 3, provides that in suits upon written instruments, if a copy be filed with the præcipe, it shall not be necessary to prove the execution of the writing at the trial, unless the defendant in his affidavit of defense denies its execution. The failure of the defendant to deny the execution of the writing does not authorize the admission in evidence of the copy filed. The defendant was entitled to the production and inspection of the original, and an opportunity to object to it.

The legal effect of the agreement sued on was to confer on

the plaintiff the right to explore for oil and gas.  If he did not complete a well within two months the right was lost to him, unless he paid $50.00 per month in advance until its completion.  If he found neither oil nor gas, he was under no obligation to continue exploration.  If, however, he found oil or gas in paying quantities, he was under obligation to operate for the benefit of himself and the lessor.  Such is the construction given by the Supreme Court in Glasgow v. Chartiers Oil Co., 152 Pa. 48, to an agreement almost identical in its terms.

The plaintiff's right was upon condition, and upon failure to perform the condition the right revested in the defendant without re-entry or notice: Hamilton v. Elliott, 5 S. & R. 375. The completion of a well, and the time of its completion, were questions of fact for the jury, and if the facts were as alleged by the defendant, the plaintiff had lost his right under the agreement, and could not maintain an action thereon.  But it is contended that the plaintiff had the right to remove his property any time ; that it could be removed as well after as before the termination of the lease.  Our answer is that plaintiff did remove all of his property except that which had become part of the freehold ; that the casing was a part of the well that was producing gas, which we had the right to use under the agreement ; and even conceding the right to remove after the expiration of the lease, the right was not exercised within a reasonable time—six months being an unreasonable time for the performance of an act which could be performed in three days or less.

*Willis F. McCook*, for appellee.—We take it, however, that the true test as to whether or not the well produced gas in " paying quantities " is, whether the gas from the well could be sold for sufficient to pay the rental and the expenses of caring for the well.  If it would not do this, assuredly it was not a paying well, because not self-sustaining.

The property which Patterson, the plaintiff and tenant, attempted to remove, he had a right to remove as trade fixtures, even without the express covenant in the lease giving him that right, provided he removed them during the term of his lease, or at least within a reasonable time after its expiration.  The

case of Shellar v. Shivers, 171 Pa. 569, is complete upon this point.

OPINION BY SMITH, J., July 29, 1898:

The plaintiff became entitled to leasehold rights in certain lands of the defendant, for the purpose of drilling and operating for oil, gas and water. In accordance with the terms of the lease under which he held, the plaintiff proceeded to test the land for oil and gas, and paid the stipulated price for this privilege for three months, commencing January 3, 1894. The tests made proving unsatisfactory, the plaintiff abandoned the work, closed the well, and ceased operations. Under the provisions of the lease he had " the right to remove all of his property at any time." In pursuance of this reserved right, within the term of the lease, he attempted to remove from the premises certain property owned by him, which had been used in his operations. This property consisted wholly of trade fixtures, which the plaintiff had brought to the premises, and which might conveniently be taken away. The defendant would not permit the removal of the property, whereupon this suit was brought by the plaintiff for its value. On the trial the facts thus briefly summarized were shown. The jury were instructed that the plaintiff had a right to take the property and that it was for them to determine whether he was prevented from doing so by the defendant; that a recovery should be allowed only for the value of such property as the plaintiff was actually prevented from removing by the defendant and not for anything which he might have taken without interference. These questions were clearly and fairly submitted to the jury and the verdict was for the plaintiff. The defense set up is based on an alleged failure of the plaintiff to perform the contract set out in the lease. It involves a confusion of the right of the plaintiff to hold or retake possession of the leasehold, with the right to remove his property from the premises. It is not contended that the property was distrained or that any right to distrain existed; nor was any set-off presented or relied upon. The defense is that the plaintiff failed to keep his contract with reference to completing the work of development and of operating the well already completed, and by reason thereof lost all rights under the agreement, including that

of taking away his property. But granting that the plaintiff failed to make the required tests or to operate the well, and thus forfeited his rights under the lease, this would not preclude him from removing his property under the terms of that instrument expressly conferring the authority to do so. This provision is a wholly independent covenant, and may be enforced without reference to the other parts of the agreement. There is nothing in the lease or in the evidence which qualifies it in any way. It is not conditioned on performance of other stipulations or involved in their operation. It is distinctive in its object and in its performance. For any default under the contract, the plaintiff must be pursued through appropriate legal action. His property cannot be taken or thus arbitrarily held.

If it be true, as the defendant contends, that one well which was sunk by the plaintiff " produced gas in paying quantities," then, under the terms of the lease, all ground of forfeiture was removed. There is no provision requiring the plaintiff to deliver at the defendants' dwelling house gas for domestic purposes, or to furnish a conduit for that purpose, and it is not alleged that the defendant was prevented from taking the necessary gas for domestic use. By the affidavit of defense the execution of the lease, " a copy of which is attached to the plaintiff's statement," is expressly admitted. Under the rules of the common pleas of Allegheny county this is conclusive as to the correctness of the copy filed, and the admission of this specific copy in evidence was entirely proper. The case seems to have been fairly tried and no error appears in the record. All the specifications are overruled.

Judgment affirmed.